CAMPBELL *against* PERKINS, RICH and others.

*Bankrupt act; pleading discharge; carriers.*

ACTION against the defendants as common carriers, to recover damages for the loss of a box and its contents. In September, 1841, a passenger agent of Chase & Co., at New York, agreed to send the plaintiff from that city to Buffalo, and furnished him with a ticket to Chase & Co. They having no boat in port when the plaintiff arrived at Albany, chartered the boat "Brilliant" of the defendants, who were proprietors of a line of canal boats, running between Albany and Buffalo, and who agreed to tow and run the boat to Buffalo; Chase & Co. to load and have her earnings that trip for $65. There was no change of hands, and the sign of the defendants' line was kept suspended at the side of the boat. The plaintiff went as a passenger on this boat, and had on board the box in question at his departure from Albany, but on his arrival at Buffalo it could not be found.

The defendant Perkins pleaded the general issue, and gave notice, in accordance with the statute of this state, of a discharge obtained by him under the United States bankrupt act of 1841. The discharge was objected to, on the ground that the bankrupt act provided only that such discharge might be *"pleaded,"* and that giving notice was not *pleading* it; and that it could not discharge a demand of the nature of the one in question. The discharge was sustained by the Supreme Court, and judgment was rendered in favor of the other defendants on the ground that they were not liable to the plaintiff as common carriers. The Court of Appeals affirmed the judgment, as to the discharge of Perkins, and reversed it, and ordered a new trial as to the other defendants, holding that they were liable to the plaintiff as common carriers, notwithstanding there was no privity of contract

between them and the plaintiff. That they had a duty to perform as common carriers, and were liable to the party injured through a failure to perform that duty.

(S. C., 8 N. Y. 430.)